# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

AVERY SINGLETON, # R-29723,

      Plaintiff,

vs.                                              Case No. 17-cv-323-DRH

DAVID RAINS,
PHIL MARTIN,
and DR. SHAH,

      Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, currently incarcerated at Jacksonville Correctional Center ("Jacksonville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He filed the case while he was incarcerated at Robinson Correctional Center ("Robinson"), where his claims arose. Plaintiff asserts that Defendants were deliberately indifferent to a serious medical condition. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

On August 6, 2016, while waiting for an appointment with Dr. Shah on an unrelated medical issue, Plaintiff advised the nurse that he was having pain in his back, knee, and neck as a result of an accident while he was a passenger on the Cook County Jail's transportation bus. (Doc. 1, p. 6). The nurse promised to schedule Plaintiff for another appointment with the doctor for this pain. During the August 6 visit, Dr. Shah told Plaintiff that he could not examine Plaintiff on his neck, back, and knee issues until he received Plaintiff's medical records from the Cook County Jail.

About a week later, Plaintiff requested another appointment with Dr. Shah because he was having extremely sharp pains in his knee. At that time, Dr. Shah had still not received the Cook County medical records, and refused to examine Plaintiff's knee. However, Dr. Shah gave Plaintiff Ibuprofen (400 mg) to treat the pain. (Doc. 1, pp. 6-7).

Another week later, Plaintiff was called back to health care to see Dr. Shah. The Cook County medical records had arrived, and Dr. Shah told Plaintiff that his records stated that "no trauma was sustained from the bus accident."[1] (Doc. 1, p. 7). In light of that information, Dr. Shah again refused to examine Plaintiff. Upon learning Plaintiff's age, Dr. Shah opined that Plaintiff's pain was "probably arthritis." *Id.*

Plaintiff submitted a grievance to complain about Dr. Shah's refusal to

---

[1] Plaintiff notes that he has a grievance still pending over his injuries in the Cook County Jail bus accident, and that the matter is "pending litigation." (Doc. 1, p. 7).

examine his knee. (The grievance, dated Oct. 7, 2016, is attached at Doc. 1, pp. 15-16). In his grievance, Plaintiff stated that he was never examined for any injuries while at Cook County Jail. (Doc. 1, p. 16). He acknowledged that Dr. Shah prescribed him 400 mg Ibuprofen and issued him a low bunk permit for 4 months, but protested Dr. Shah's decision not to treat or examine Plaintiff to find out the cause of his pain. *Id.*

Plaintiff asserts that the counselor's response to his grievance falsely stated that he had received treatment including follow-up appointments from Dr. Shah. (Doc. 1, pp. 8, 14-15). According to the Grievance Officer's report, Martin (Health Care Unit Administrator) stated that Plaintiff:

> has been seen by the Medical Doctor, Dr. Shah for his complaints and he has been treated accordingly per the Medical Doctor's findings. Offender will be referred back to be seen by the Medical Doctor to follow up on his complaints regarding his complaints about his neck, back, and knees. Offender is reminded to utilize Nurse Sick Call protocols to address new or ongoing medical issues.

(Doc. 1, p. 14).

When Plaintiff received the counselor's response to his grievance, he resubmitted it for the chief administrative officer to review. Martin reviewed the grievance and denied it. (Doc. 1, p. 9). Plaintiff asserts that because Martin could have instructed Dr. Shah to examine Plaintiff but did not, Martin is accountable for denying treatment to Plaintiff.

Warden Rains also reviewed Plaintiff's grievance against Dr. Shah, but concurred with Martin's response and denied the grievance. (Doc. 1, p. 9).

Plaintiff later returned to sick call because of increasing severe pain in his

back, and was scheduled to see Dr. Shah again. At that appointment, Dr. Shah again advised Plaintiff that he would not examine him, but he would prescribe 600 mg of Ibuprofen.

Plaintiff continues to experience pain in his back, neck, and knees. (Doc. 1, p. 9). He seeks compensatory damages. (Doc. 1, p. 10).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Shah, for refusing to examine Plaintiff's knees, back, or neck despite Plaintiff's complaints of severe pain;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Martin, for failing to require Dr. Shah to examine Plaintiff after Plaintiff filed a grievance against Dr. Shah;
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Rains, for failing to require Dr. Shah to examine Plaintiff after Plaintiff filed a grievance against Dr. Shah.

Count 1 shall proceed for further review in this action. However, Counts 2 and 3 shall be dismissed at this time without prejudice, for failure to state a claim upon which relief may be granted.

## Count 1 – Deliberate Indifference – Dr. Shah

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). The mere fact that a prescribed treatment has proven ineffective does not rise to the level of deliberate indifference. *Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008). Further, a defendant's inadvertent error, negligence or even ordinary

malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.  *See Duckworth*, 532 F.3d at 679.

Here, Plaintiff describes significant, persistent pain in several areas of his body, that had developed after a vehicle accident prior to his arrival at Robinson. The Complaint thus arguably satisfies the objective component of an Eighth Amendment claim.  The remaining question is whether any of the Defendants acted or failed to act with deliberate indifference to a known risk of serious harm to Plaintiff.

Dr. Shah had several encounters with Plaintiff in which Plaintiff explained his symptoms and the connection to the accident.  While Dr. Shah did provide Plaintiff with some treatment in the form of pain medication and a low bunk permit, the doctor consistently refused to perform any examination of Plaintiff's knees, back, or neck.  Whether or not an examination would have revealed any useful information that might assist in treating Plaintiff's painful condition cannot be known at this stage of the case.  Further factual development will be necessary in order to determine whether Dr. Shah's handling of Plaintiff's condition was appropriate and consistent with reasonable medical judgment; demonstrated unconstitutional deliberate indifference; or was merely negligent (which does not violate the Constitution).  Accordingly, Plaintiff's Eighth Amendment claim in **Count 1** against Dr. Shah shall proceed for further review.

**Dismissal of Count 2 – Deliberate Indifference – Health Care Administrator Martin**

Martin, who was the supervisor of Dr. Shah, provided a response to Plaintiff's grievance which stated that Plaintiff had been seen by the doctor and "treated accordingly to the M.D.'s findings." (Doc. 1, p. 15). He indicated that Plaintiff would be referred back to the doctor to follow up on his complaints of pain, and noted that Plaintiff should follow the sick call procedure to address this problem. (Doc. 1, pp. 14-15). Plaintiff disagrees with Martin's handling of his grievance, and seeks to hold Martin liable for damages because Martin did not instruct Dr. Shah to examine Plaintiff. (Doc. 1, p. 9).

In a civil rights case, a supervisory official does not automatically incur liability for the unconstitutional conduct of a prison staff member who reports to him or her, because the doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (liability does not attach unless a defendant was "personally responsible for the deprivation of a constitutional right"). However, personal involvement may be established if the supervisor knows that a subordinate's conduct violates the Constitution and the supervisor then "facilitate[s] it, approve[s] it, condone[s] it, or turn[s] a blind eye." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Thomas v. Knight*, 196 F. App'x 424, 428 (7th Cir. 2006).

In Plaintiff's case, he submitted a single grievance after his second visit to

Dr. Shah regarding the knee, back, and neck pain.[2] During the first encounter, the doctor gave him pain medication and a low bunk permit, but refused to perform a physical examination of the painful areas on Plaintiff's body because Plaintiff's medical records had not yet come. At the second visit, Dr. Shah told Plaintiff the Cook County records showed that Plaintiff had sustained no trauma from the accident, so Dr. Shah did not examine Plaintiff.

Martin's response to this grievance indicates that he anticipated Plaintiff would continue to receive medical attention for his complaints, either through a referral initiated by the health care unit, or by Plaintiff initiating another sick call request. Plaintiff's grievance itself reflected only 2 encounters with Dr. Shah to deal with his pain, and did not reveal a pattern of non-treatment of Plaintiff's pain that clearly amounted to unconstitutional action or inaction by Shah. Based on this single grievance, it cannot be said that Martin knew that Shah was violating Plaintiff's constitutional rights, yet turned a blind eye to Shah's conduct. By directing that further treatment would be available to Plaintiff, Martin's handling of Plaintiff's grievance does not indicate deliberate indifference to Plaintiff's condition.

For these reasons, the Complaint fails to state a deliberate indifference claim against Martin upon which relief may be granted. **Count 2** shall therefore be dismissed without prejudice.

---

[2] Plaintiff's August 6, 2016, appointment regarding an unrelated health issue is not counted here.

### Dismissal of Count 3 – Deliberate Indifference – Warden Rains

Plaintiff asserts that Warden Rains "is responsible for all inmates' physical and mental well being" at Robinson. (Doc. 1, p. 9). This statement suggests that Plaintiff is attempting to hold Rains liable on a theory of supervisory liability, which does not apply in a § 1983 case. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff further sues Rains because he "concurred with the response of Phil Martin, Health Care Administrator's decision to refuse [Plaintiff] treatment" with reference to Plaintiff's grievance. (Doc. 1, p. 9). By all indications, Warden Rains is not a medical professional.

If a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). Nonetheless, even non-medical officials may be found to be deliberately indifferent to a prisoner's serious medical needs if "they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008). *See also Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner could proceed with deliberate indifference claim against non-medical prison officials who failed to intervene despite their knowledge of his serious medical condition and inadequate medical care, as explained in his "coherent and highly detailed grievances and other

correspondences"); *Reed v. McBride*, 178 F.3d 849, 854-56 (7th Cir. 1999) (warden was required to act when prison officials repeatedly denied an inmate life-sustaining medication and food).

Plaintiff's case presents a contrast to the facts in *Perez*, where the prisoner notified non-medical officials that he went for several days with no treatment for a "gaping wound" despite the prison doctor's determination that the prisoner needed specialty care outside the prison. Here, Plaintiff's grievance stated that he had received some treatment for his complaints of pain, despite his dissatisfaction with Dr. Shah's refusal to examine him. Plaintiff never claimed that the treatment he did receive was ineffective. Martin's response to the grievance, as discussed above under Count 2, indicated that further treatment would be offered to Plaintiff if he needed it. And Plaintiff's description of his encounters with Dr. Shah did not point to a conclusion that Dr. Shah violated the Constitution. Considering these facts, Plaintiff's grievance and Martin's response to it would not give Rains reason to believe that Plaintiff had been mistreated by the medical staff or that they were refusing to treat him. The Complaint, therefore, does not state a claim against Rains for deliberate indifference to Plaintiff's medical needs.

At this time, **Count 3** against Rains shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Pending Motion

The motion for service of process at government expense (Doc. 3) shall be **GRANTED IN PART and DENIED IN PART.** Service shall be ordered below on the Defendant who remains in the action. No service shall be made on the dismissed Defendants.

## Disposition

**COUNTS 2 and 3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **RAINS** and **MARTIN** are **DISMISSED** from this action without prejudice.

With reference to **COUNT 1**, the Clerk of Court shall prepare for Defendant **SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used

only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to

keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Signed this 17th day of May, 2017.**

Judge Herndon
2017.05.17
17:55:27
-05'00'

**United States District Judge**