IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AVERY SINGLETON,

        Plaintiff,

vs.                               Case No. 17-cv-323-DRH-SCW

DR. SHAH,

        Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

*Pro se* Plaintiff Avery Singleton, a state inmate, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Defendant Dr. Shah violated Plaintiff's Eighth Amendment rights for refusing to examine Plaintiff's knees, back, and neck despite Plaintiff's complaints of severe pain. This matter is before the Court on Defendant Shah's Motion for Summary Judgment (Doc. 36). Defendant Shah asserts that summary judgment should be granted since Plaintiff failed to exhaust his administrative remedies, which federal law requires a prisoner to do prior to filing a suit of this nature. Plaintiff has filed a Motion to Dismiss Defendant's Motion for Summary Judgment (Doc. 41), which the Court construes as a response in opposition. Since Defendant has failed to meet his burden on summary judgment,

the motion is **DENIED**.

## II.  Background

The specifics of the allegations Plaintiff raises in his Complaint are less significant for these purposes than are allegations surrounding the grievance process.  It is sufficient to say that Plaintiff alleges that in August 2016, while incarcerated at Robinson Correctional Center ("Robinson"), the prison's physician, Defendant Dr. Shah, refused to examine Plaintiff, though Plaintiff had complained of neck, back, and knee pain.  (Doc. 7, p. 3).  On October 7, 2016, Plaintiff filed a prison grievance against Dr. Shah.  (Doc. 37-2, p. 3).  In that grievance, Plaintiff describes visits with Dr. Shah wherein the doctor refused to examine his neck, back, and knee pain.  (*Id.* at 3 – 4).  This grievance was checked as an emergency and sent to Robinson's warden.  (*Id.* at 3).  The warden denied the grievance emergency status.  (*Id.*).  Plaintiff then sent the grievance to his counselor, who received it on October 26, 2016, and the counselor issued a response on the same date.  (*Id..*).

The grievance was then received by Robinson's grievance officer on November 14, 2016, and the officer reviewed it the next day.  (*Id.* at 2).  The grievance officer recommended the grievance be denied, and the warden concurred on November 17, 2016.  (*Id.*).

Plaintiff sent the grievance to the Illinois Department of Corrections' ("IDOC") Administrative Review Board ("ARB"), and the grievance was received there on

December 20, 2016. (*Id.* at 1, 2). The ARB did not address the grievance, claiming it was untimely, as it was received after 30 days from the date the warden signed his concurrence. (*Id.* at 1). According to Plaintiff in his response, he submitted the grievance on December 16, 2016. (Doc. 41, p. 3). The signature and date line on the part of the grievance response where an inmate signs and dates an appeal to the ARB is blank. (Doc. 37-2, p. 2).

### III. Legal Standard

#### *a. Summary Judgment Standard*

Summary judgment is appropriate only if the admissible evidence considered as a whole shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014) (citing Fed.R.Civ.P. 56(a)). The party seeking summary judgment bears the initial burden of demonstrating – based on the pleadings, affidavits and/or information obtained via discovery – the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enterpr. Inc.*, 753 F.3d 676 (7th Cir. 2014).

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the

nonmoving party. *Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012); *Righi v. SMC Corp.*, 632 F.3d 404, 408 (7th Cir. 2011); *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542 (7th Cir. 2014).

A Motion for Summary Judgment based upon failure to exhaust administrative remedies, however, typically requires a hearing to determine any contested issues regarding exhaustion, and a judge may make limited findings of fact at that time. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). The case may proceed on the merits only after any contested issue of exhaustion is resolved. *Pavey*, 544 F.3d at 742. While generally, the Court's role on summary judgment is not to evaluate the weight of the evidence, judge witness credibility, or determine the truth of the matter, but to determine whether a general issue of triable fact exists, a different standard applies to summary judgment on the issue of exhaustion. *Nat'l Athletic Sportwear Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008). In *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey*, 544 F.3d at 740-41. Here, the question of exhaustion is a purely legal question, and no hearing

is required.

### b. PLRA's Exhaustion Requirement

The affirmative defense of failure to exhaust depends on whether a plaintiff has fulfilled the PLRA's exhaustion requirement, which in turn depends on the prison grievance procedures set forth by the Illinois Department of Corrections. *See Jones v. Bock*, 549 U.S. 199, 218 (2007).

The PLRA provides that "no action shall be brought [under federal law] with respect to prison conditions…by a prisoner…until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Under the PLRA, exhaustion of administrative remedies is mandatory, and unexhausted claims cannot be brought in court.  *Jones,* 549 U.S. at 211.  The case may proceed on the merits only after any contested issue of exhaustion is resolved by the court.  *Pavey*, 544 F.3d at 742.

The Seventh Circuit takes a strict compliance approach to exhaustion; requiring inmates follow all grievance rules established by the correctional authority.  *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).  A prisoner must therefore "file complaints and appeals in the place, and at the time, the prison's rules require."  *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).  But the PLRA's plain language makes clear that an inmate is required to exhaust only those administrative remedies that are available to him.  42 U.S.C. § 1997e(a).  If the prisoner fails to follow the proper procedure, however, the grievance will not be

considered exhausted. *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). The purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Additionally, exhaustion is a precondition to filing suit; a prisoner may not file suit in anticipation that his administrative remedies will soon become exhausted. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Rather, a prisoner must wait to bring a suit until after he completes the exhaustion process. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999) (citing 42 U.S.C. § 1997e(a)). A suit that is filed prior to the exhaustion of remedies must be dismissed, even if a plaintiff's administrative remedies become exhausted during the pendency of the suit. *Id.*

### c. Exhaustion Requirement under Illinois Law

IDOC's process for exhausting administrative remedies is laid out in the Illinois Department of Corrections Grievance Procedures for Offenders. 20 Ill. Adm. Code § 504.810. Under the current grievance procedures, a prisoner may file a written grievance with the Grievance Officer within sixty (60) days of discovery of the dispute. *Id.* The grievance should include "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint…[or] as much descriptive information about the individual as possible."

*Id.* The grievance officer shall review the grievance and report findings and recommendations to the Chief Administrative Officer. 20 Ill. Adm. Code § 504.810(c). The prisoner will then have the opportunity to review the CAO's response. 20 Ill. Adm. Code § 504.830(e). If the prisoner is unsatisfied with the institution's resolution of the grievance, he may file an appeal to the Director through the Administrative Review Board within 30 days of the CAO's decision. 20 Ill. Adm. Code § 504.850. The ARB is required to make a final determination of the grievance within six months after receiving it. *Id.* Completion of this process exhausts a prisoner's administrative remedies.

In emergencies, the Illinois Administrative Code also provides that a prisoner may request his grievance handled on an emergency basis by forwarding the grievance directly to the CAO. 20 Ill. Adm. Code § 504.840. The grievance may be handled on an emergency basis if the CAO determines that there exists a substantial risk of imminent personal injury or other serious or irreparable harm to the offender. *Id*. The request to have a grievance handled on an emergency basis may also be appealed to the ARB. 20 Ill. Adm. Code § 504.850(a)

### IV. Analysis

The sole basis for Defendant Shah's motion is that Plaintiff failed to exhaust due to the ARB's refusal to address the grievance on the merits because it was received on December 20th—past the 30 day deadline. The grievance code, however, states that an inmate "may *appeal* in writing to the Director within 30

days." 20 Ill. Adm. Code § 504.850(a) (emphasis added). The code does not state that the ARB must have received the grievance within 30 days. Under the so-called "prison mailbox rule," a grievance timely deposited in the prison mail system is considered timely filed in accordance with the grievance code. *See Dole*, 438 F.3d 811 – 13. The operative question then is when did Plaintiff submit the grievance, not when did the ARB receive it.

Defendant has failed to demonstrate that Plaintiff did not timely appeal his grievance. Since the warden concurred with the denial of the grievance on November 17, 2016, Plaintiff had up to and including December 17, 2016 by which to appeal to the ARB. The ARB received the grievance on December 20th, three days after the deadline to file an appeal. Being only three days after the deadline by which to appeal, and allowing for time for the grievance to reach the ARB, the date on which the ARB received the grievance is too close to the appeal deadline to itself demonstrate Plaintiff appealed too late. Further, Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice that December 17, 2016 was a Saturday and December 20th was a Tuesday. If Plaintiff had sent the grievance on Friday, December 16th as he claims, or even on Saturday the 17th, given the weekend, it is not unreasonable at all to infer that the grievance would not reach the ARB until Tuesday December 20.

Even setting aside Plaintiff's statement of when he appealed the grievance, the mere fact that the ARB received the grievance three days after the appeal deadline is

not sufficient to demonstrate that Plaintiff failed to submit his grievance to the ARB before the deadline. If the only evidence before the Court was that the ARB had received the grievance several months after the appeal deadline, then summary judgment might be appropriate. Receipt of the grievance a mere three days after the close of the appeal deadline, however, leaves open the very reasonable inference that the grievance was still submitted and therefore appealed in a timely manner. Defendant Shah has therefore failed to meet his burden and demonstrate that he is entitled to summary judgment.

## V. Conclusion

For the reasons discussed above, Defendant Shah is not entitled to summary judgment. As such, the defendant's Motion for Summary Judgment (Doc. 36) is **DENIED**, and Plaintiff's Motion to Dismiss the Motion for Summary Judgment (Doc. 41) is **MOOT**.

**IT IS SO ORDERED**.

Judge Herndon
2018.06.20
06:49:19 -05'00'

United States District Judge