IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AVERY SINGLETON,<br><br>                Plaintiff,<br><br>v.<br><br>VIPIN SHAH,<br><br>                Defendants. | Case No. 3:17-CV-323-NJR-GCS |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Defendant Vipin Shah's motion for summary judgment (Doc. 75). Plaintiff Avery Singleton opposes the motion (Docs. 80, 81). For the reasons set for the below, the Court grants the motion for summary judgment.

### BACKGROUND

Singleton, a former inmate of the Illinois Department of Corrections ("IDOC") who was incarcerated in Robinson Correctional Center, filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights (Doc. 1). Specifically, Singleton complains about the medical care he received at Robinson from Defendant Dr. Shah for his back, neck, and knees resulting from an accident while he was a passenger on the Cook County Jail's transportation bus.

Following threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Singleton was permitted to proceed on one claim of Eighth Amendment deliberate

indifference claim against Dr. Shah for refusing to examine his knees, back, or neck despite his complaints of severe pain. (Doc. 7, ps. 5-7).

Dr. Shah now moves for summary judgment, arguing that he was not deliberately indifferent to Singleton's medical needs regarding his back, neck, or knees. Singleton counters that Dr. Shah delayed an adequate examination and should have examined him to find the "root" of his problem.

## FACTS

The following facts are taken from the record and presented in the light most favorable to Singleton, the non-moving party, and all reasonable inferences are drawn in his favor. *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).

The events at issue in this lawsuit as it relates to Dr. Shah occurred at Robinson from August 2016 to March 2017. According to Singleton's medical records, he has been diagnosed with lumbago (low back pain) with an onset date of May 31, 2012, and osteoarthritis of the spine and knee with an onset date of June 16, 2015.[1]

On June 21, 2016, Singleton was involved in a bus accident. As a result of that accident, Singleton alleged he experienced neck, knee, and back pain. On July 8, 2016, Singleton was seen by Physician Assistant Carlos Altez; he complained of neck, knee, and lower back pain as a result of the bus accident.

During the month of July, Singleton was transferred to Stateville Correctional Center NRC ("Stateville"). On August 3, 2016, Singleton was transferred back to

---

[1] Singleton contends that "[d]ue to the Dept. of Corrections and Cook County Jail's effort to cut costs" he ended up with these diagnoses and without "a second opinion from a qualified medical professional" he cannot substantiate that he has these conditions. (Doc. 80, p. 2).

Robinson. Three days later, Singleton reported to a nurse sick call for pain in his neck, knee, and back, as well as other issues.

Singleton saw Shah on August 16, 2016. Singleton claims Shah asked him questions about his pains. Shah then looked at his medical records, re-prescribed the ibuprofen that Stateville previously prescribed, and requested Singleton's medical file from Cook County. Shah's notes from this visit indicate that Singleton's vitals were normal and he had no acute distress. Singleton was able to walk, sit, stand, and move around with no signs of a medical issue. (Doc. 76-2 at p. 14). Singleton said Shah told him he could not do anything until Shah got the medical records from Cook County Jail.

Shah next saw Singleton on August 25, 2016, for pain in his right hand and for an ear infection. (*Id.* at p. 18). During this visit, Singleton asked about the medical records from Cook County Jail. Singleton claimed Shah told Singleton, "The medical records say there was no signs of trauma. So I am not going to see you about those problems." (Doc. 80, p. 7). Shah examined his hand and ear, prescribed him a low bunk permit as to not put weight on his hand, and continued him on ibuprofen (Doc. 76-2 at p. 18). Shah also told Singleton to lose weight to help alleviate any pressure he is placing on his hand. (*Id.*).

On September 2, 2016, Singleton was transferred to Stateville for an upcoming court date. Singleton returned to Robinson on September 28, 2016.

On October 7, 2016, Singleton filed a grievance complaining about medical treatment against Shah regarding his neck, back, and knee pain (Doc. 1 at pp. 15-16). On November 15, 2016, the grievance officer responded, recommending: "Based on a total

review of all available information, this Grievance Officer recommends that the grievance be denied because offender's medical needs are being addressed in follow up appointments with the Medical Director. The Medical Director was not able to determine from the Cook County Jail Medical Records that any injury's [sic] were recorded in the Medical file that resulted in the pain that offender is claiming in his neck, back, and knees. The Medical Director has prescribed ibuprofen to offender to ease his pain. Follow up appointments have been utilized to address ongoing issues." (Doc. 1, p. 14).

Singleton next saw Shah on October 28, 2016. During that examination, Shah prescribed Singleton with an increased dosage of ibuprofen from 400 mg to 600 mg. (Doc. 76-2 at p. 28).

Singleton returned to healthcare for the pain in his back, neck, and knees on January 28, 2017. (*Id.* at p. 31). Singleton requested an increase in the ibuprofen. The nurse provided Singleton with Tylenol and continued him on the ibuprofen. (*Id.*). Subsequently, Singleton came to healthcare through a nurse sick call on February 21, 2017, for complaints of back, neck, and knee pain. (*Id.* at p. 33). The next day, Singleton saw Shah. Shah evaluated Singleton for low bunk permit and reassessment of his ibuprofen prescription. (*Id.* at p. 34). Shah's notes state that he would not increase his medications because Singleton needs to lose weight to help relieve the arthritis; Shah continued Singleton on his current ibuprofen regimen; and Shah renewed his low bunk permit to assist with relieving pressure on his neck, back, and knee. (*Id.*).

On March 13, 2017, Singleton returned to the healthcare unit regarding knees and back pain (*Id.* at p. 35). At this time, Singleton described the pain as throbbing with a level

of nine out of ten, but his neck pain had subsided. The nurse noted no obvious signs of discomfort. (*Id.*).

On March 21, 2017, Singleton returned to the healthcare unit regarding dry skin. During this visit, Singleton did not complain of back, neck, or knee pain. (*Id.* at p. 36). Thereafter on March 23, 2017, Shah examined Singleton for complaints of dry skin and itching. There are no notes of complaints of back, neck or knee pain. (*Id.* at p. 37).

Singleton was placed in segregation on April 4, 2017, until he was transferred to Jacksonville Correctional Center on April 26, 2017. Singleton's medical records while he was in segregation contain no complaints of back, neck, or knee pain. (*Id.* at pp. 38-45).

Singleton testified that ibuprofen helped to relieve his pain. (Doc. 76-4 at p. 5).

<u>ANALYSIS</u>

Summary judgment is proper only if the moving party can demonstrate there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. PROC. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). Any doubt as to the existence of a genuine issue of fact must be resolved against the moving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).

A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of h[is] case with respect to which []he has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party asserting that a fact is genuinely disputed must support that assertion by

citing to particular materials in the record or by showing that the materials in the record do not establish the absence of a genuine dispute. *See* FED. R. CIV. P. 56. If the non-moving party does not show evidence exists that would reasonably allow a fact-finder to decide in its favor on a material issue, the court must enter summary judgment against the non-moving party. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

The Seventh Circuit has stated summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005)).

The Supreme Court has recognized that deliberate indifference to the serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To prevail on a claim for deliberate indifference to a serious medical need, there are "two high hurdles, which every inmate-plaintiff must clear." *Dunigan ex rel. Nyman v. Winnebago Cty.*, 165 F.3d 587, 590 (7th Cir. 1999). First, the plaintiff must demonstrate he suffered from an objectively serious medical condition. *Id.* at 591-592. Second, the plaintiff must establish the individual prison officials were deliberately indifferent to that condition. *Id.*

To show prison officials acted with deliberate indifference, a plaintiff must put forth evidence that prison officials not only knew that the prisoner's medical condition posed a serious health risk, but they consciously disregarded that risk. *See Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012). "This subjective standard requires more than negligence and it approaches intentional wrongdoing." *Id. Accord Berry v.*

*Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (stating that "[d]eliberate indifference is intentional or reckless conduct, not mere negligence."); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (stating that "negligence, even gross negligence does not violate the Constitution.").

For a medical professional to be held liable under the deliberate indifference standard, he or she must respond in a way that is "so plainly inappropriate" or make a decision that is "such a substantial departure from accepted professional judgment, practice, or standards," that it gives rise to the inference that they intentionally or recklessly disregarded the prisoner's needs. *Holloway*, 700 F.3d at 1073; *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008) (quoting *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). In other words, a prison medical professional is "entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (citation omitted).

"But deference does *not* mean that a defendant automatically escapes liability any time he invokes professional judgment as the basis for a treatment decision. When the plaintiff provides evidence from which a reasonable jury could conclude that the defendant didn't *honestly* believe his proffered medical explanation, summary judgment is unwarranted." *Zaya v. Sood*, 836 F.3d 800, 805 (7th Cir. 2016). The Eighth Amendment does not require that prisoners receive "unqualified access to health care[.]" Rather, they are entitled only to "adequate medical care." *Johnson*, 433 F.3d at 1013.

Construing the evidence in the light most favorable to Singleton, the Court finds that he has not established that Shah was deliberately indifferent to his medical needs

regarding his neck, back and knee pain.[2] The record reveals that Shah from August 2016 to March 2017 did provide appropriate medical treatment to Singleton; the medical treatment simply was not the treatment Singleton wanted/demanded. Over the various visits, Shah did prescribe Singleton with 400 mg of ibuprofen and then increased the dosage at a later visit to 600 mg, advised Singleton to lose weight, and prescribed a low bunk permit on two separate occasions.

Shah also reviewed Singleton's prior medical records before determining Singleton's medical complaints. Singleton's prior medical records show that he was diagnosed with lumbago with the onset date of May 31, 2012, and osteoarthritis of the spine and knee with the onset date of June 16, 2015. For the osteoarthritis, Singleton was provided ibuprofen to alleviate the pain, which is the same treatment Shah provided to Singleton at the first visit in August 2016.

Clearly, the record does not contain evidence that Shah's treatment of Singleton for his back, neck, and knee pain was so inappropriate or that Shah's treatment was a substantial departure from accepted professional judgment, practice or standards. Even construing the facts in the light most favorable to Singleton, the medical records do not support Singleton's subjective complaints, and the record does not support Singleton's

---

[2] The Court notes that Singleton contradicts himself on the issue of the neck pain. In his deposition, it appeared Singleton withdrew his claim against Shah for neck pain. Singleton testified that during his time at Robinson, he did not have neck pain. He further testified that the only time he complained about neck pain was at Cook County. (Doc. 76-4 at pp. 32, 61). In his declaration, however, Singleton, as to the issue of neck pain, avers: "Between the date of March 2017 and the date of the deposition, Plaintiff has had no neck pain. However, Plaintiff has been constantly having complications with his back and knee … Which has caused a problem with Plaintiff's hip (See Exhibit 'C'). With this lapse of time, and the continuous problems with Plaintiff's knee and back … and now hip, Plaintiff forgot about the neck pain during his deposition." (Doc. 80, p. 13).

argument that he should have had an x-ray performed. There is no evidence that Shah was deliberately indifferent to Singleton's medical needs regarding his back, neck, and knee pain.

## CONCLUSION

For these reasons, the Court **GRANTS** the motion for summary judgment filed by Defendant Dr. Vipin Shah (Doc. 75). The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of Dr. Shah and against Avery Singleton and to close the case. This entire action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED:** September 23, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**